F I L E D
Clerk
District Court

MAY 18 2021

for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

WINZY CORPORATION,

        Plaintiff,

vs.

IMPERIAL PACIFIC INTERNATIONAL
(CNMI), LLC,

        Defendant.

Case No. 1:20-cv-00028

**MEMORANDUM DECISION DENYING
DEFENDANT'S MOTION TO SET ASIDE
ENTRY OF DEFAULT**

On March 2, 2021, default was entered against Defendant Imperial Pacific International (CNMI), LLC ("IPI") for its failure to appear or otherwise defend. (ECF No. 8.) Plaintiff Winzy Corporation ("Winzy") subsequently moved for default judgment, and a default judgment hearing was set for April 15, 2021. On the day of the hearing, however, attorney Juan Lizama made an appearance for Defendant IPI and moved for a continuance of the default judgment hearing, arguing that IPI had a basis for setting aside the entry of default.  The Court granted IPI's motion to continue to give it an opportunity to file a motion to set aside entry of default in writing.  (Minutes, ECF No. 11.)

On April 19, 2021, IPI filed its motion to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c) (Motion, ECF No. 12), which Winzy opposed (Opp'n, ECF No. 14). The Court held a hearing on the matter on April 23, 2021.  Based on the briefs and counsels' oral arguments, the Court found that the first *Falk* factor weighed in favor of IPI because there would be

1

no prejudice to Winzy other than delay if default was set aside. *See Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (noting that the three factors to consider in determining whether there was "good cause" to set aside entry of default pursuant to Fed. R. Civ. P. 55(c) are: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default*."); see also TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) *overruled on other grounds by Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141 (2001) ("To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case.").

As to the third factor, however, the Court found that it weighed against setting aside entry of default because IPI's culpable conduct led to the default. *See TCI Group Life Ins. Plan*, 244 F.3d at 697 (noting that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer" and that a defendant's action was "intentional" if it was "willful, deliberate, or eviden[t] of bad faith.").  Here, the Court found that notice of Winzy's amended complaint was given to several important IPI representatives when IPI's Compliance Administrator Remedio Mafnas sent the amended complaint to them through a group chat. (Mafnas Affidavit, ECF No. 13.) The Court highlighted that some of these members that were placed on notice frequently appeared in Court and unequivocally knew that a company needed to be represented by an attorney.  That IPI did not have an attorney at the time to take on the case was not excusable neglect, but rather evidence of IPI's bad faith, especially when IPI was placed on clear notice months prior in other pending cases against it in this Court that it had to actively seek new counsel. This third factor therefore weighed against setting aside default.

However, because of the public policy preference for deciding cases on their merits, *see Falk v. Allen*, 739 F.2d at 463, the Court continued the matter to give IPI an opportunity to look at the contract at issue that Winzy's counsel presented for the first time at the hearing, and to determine whether it had any basis for a meritorious defense against Winzy's breach of contract claim so that the second *Falk* factor would weigh in its favor. The Court gave IPI a deadline of May 3, 2021 to file supplemental briefing supported by affidavit. (Minutes, ECF No. 15.) The Court also warned IPI that failure to present any meritorious defense would result in the Court denying IPI's motion to set aside entry of default. (*Id*.) However, IPI failed to file any supplemental brief by the deadline, which IPI's counsel later apprised the Court that the lack of any filing was due to a technical issue with his computer. Winzy subsequently filed a notice and request for ruling from this Court. (ECF No. 16.)

Before the Court could issue a ruling, IPI filed an untimely declaration on May 5, 2021 from Eric Poon without any supplemental brief in contravention to the Court's order. (*See* Poon Decl., ECF No. 17). The declaration confirmed the validity of a contract entered into between Winzy and IPI in February 2020 for supervision and consultation regarding fire protection systems at the IPI resort for a contract price of $171,500 to be completed by September 2020, and listed out Winzy's tasks under the contract. (*See* Poon Decl. ¶¶ 1-5). The only potential basis for a meritorious defense offered in the declaration was Poon's indication that Winzy was short of full completion and that the last record that IPI has of Winzy's on-site visit according to another IPI representative's email was on May 27, 2020. (*Id*. ¶¶ 6-7.)

In response, Winzy included a declaration from its manager, Rogelio Deducin, confirming that Winzy completed about 95 percent of the project, and thus Winzy only seeks $162,925 instead of the

entire $171,500 contract price. (Deducin Decl. ¶ 3). The declaration also attests that Winzy's employees were present through August 2020 and that IPI representatives, including Poon, were present at monthly meetings even past May.  (*Id.* ¶ 8.)  Winzy also provided evidence of written reports it submitted to the Department of Fire and Emergency Medical Services indicating a progress of at least 70 percent completion (*see* Ex. 2, ECF No. 18-3), and monthly invoices it submitted to IPI through July 1, 2020, with each invoice acknowledged received by an IPI representative (*see* Ex. 3, ECF No. 18-4).  In its subsequent reply, IPI wholly failed to address any of Winzy's arguments or evidence.

The matter came on for a hearing on May 14, 2021, during which time the Court found that IPI utterly failed to meet its burden to present any basis for a meritorious defense. The Court noted further that with IPI, just because there is no written record in its possession does not mean that there is no evidence. Moreover, the Court found IPI's proffer from Poon that Winzy's presence at the IPI site beyond May *could have* been for other work pursuant to other contracts was insufficient. This proffer is speculative and is not based on any specific facts.

Thus, given IPI's failure to articulate any basis for a meritorious defense and IPI's culpable conduct, the Court found that the *Falk* factors weighed against setting aside the entry of default.  *See Franchise Holding II, LLC. v. Huntington Rest. Grp. Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) ("As these [Falk] factors are disjunctive, the district court [is] free to deny the motion 'if any of the three factors was true.'" (quoting *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)). Accordingly, IPI's motion to set aside the entry of default (ECF No. 12) is DENIED.

IT IS SO ORDERED this 18th day of May, 2021.

RAMONA V. MANGLONA
Chief Judge